# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PIDICH and MARY PIDICH, | CIVIL ACTION |
| Plaintiff, | NO. 3:24-cv-01848 |
| vs. | JURY TRIAL DEMANDED |
| WALMART, INC. | |
| Defendant. | |

**INITIAL DISCLOSURE UNDER RULE 26(A) BY DEFENDANT, WALMART, INC.**

Defendant, Walmart, Inc. makes the following initial disclosure under Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendant may supplement this disclosure in accordance with Rule 26(e).

**1.     Rule 26(a)(1)(A)(i). The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Apart from the parties and their representatives, Defendant does not anticipate that there are any other individuals who have discoverable information that would be used to support its claims or defenses. Defendant reserves the right to amend this response as additional witnesses are identified through investigation and discovery. Defendant reserves the right to identify individuals who are found to have information relative to the subject matter of this action during the course of discovery that Defendant may use to support its defenses.

**2.     Rule 26(a)(1)(A)(ii). A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

  i.   Customer Incident Report;
  ii.  Associate Witness Statement of Kenneth Wormuth;
  iii. Associate Witness Statement of Tracy Rhodes;
  iv.  Any and all correspondence between Plaintiffs, their counsel, and Defendant regarding the alleged incident.

{W1859234.1}

Defendant reserves the right to add and amend this list as additional documentation is identified through investigation and discovery.

3. **Rule 26(a)(1)(A)(iii). A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

None currently in Defendant's possession.

4. **Rule 26(a)(1)(A)(iv). For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Defendant denies liability for any damages. Notwithstanding, Defendant is self-insured with excess coverage, to be supplied.

                                        **FOWLER HIRTZEL MCNULTY & SPAULDING, LLC**

                                        **By:** /s/ Alison C. Fleming

**Dated: January 14, 2025**                  ALISON C. FLEMING, ESQUIRE
                                                        PA ID #: 317857
                                                        Attorney for Defendant, Walmart, Inc.
                                                        4949 Liberty Lane, Suite 330
                                                        Allentown, PA 1810
                                                         P: 484-408-0300
                                                         F: 484-383-4014
                                                         E: afleming@fhmslaw.com