IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PIDICH and MARY PIDICH, | : Civ. No. 3:24-CV-1848 |
| | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| WALMART STORES, INC., | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I.  Introduction

This case comes before us on a motion for summary judgment filed by defendant Walmart Stores, Inc. ("Walmart").  The plaintiffs, Robert and Mary Pidich, assert claims of negligence and loss of consortium arising out of an incident that occurred while Mr. Pidich was shopping at Walmart on August 1, 2023.[1]

Walmart now moves for summary judgment.[2]  After review, we conclude there are no genuine issues of material fact and plaintiffs'

---

[1] Doc. 2.

[2] Doc. 17.

claims fail as a matter of law.  Accordingly, the defendant's motion will be granted.

II.    <u>Background</u>[3]

On August 1, 2023, Mr. Pidich visited the Walmart store in Dickson City, Pennsylvania, in search for a book on canning.  When he arrived at the proper aisle, he noticed the books were located on a top shelf in a box. The parties dispute whether the books were on the tallest shelf, which displayed a sign that directed customers to "Ask for assistance with items on the top shelf."

Without asking for assistance, Mr. Pidich attempted to reach up with one hand and grab one of the books, but they were tightly lodged in the box.  Mr. Pidich testified he pulled "really hard" to get one of the books out and that "the next thing you know it came -- the whole bookcase came down at me."  Multiple books fell directly onto Mr. Pidich's forehead causing him to "black out" and sustain a bleeding laceration.  After he regained his vision, Mr. Pidich placed some of the books back on the shelf.

---

[3] The factual background of this Memorandum Opinion is taken from the parties' submissions to the extent those submissions are consistent with the evidence in the record.  (Docs. 17-23).

Mr. Pidich notified a Walmart employee of the incident who summoned the manager, Kenneth Wormuth. Mr. Wormuth proceeded to document Mr. Pidich's statement and took pictures of the area where the incident occurred. The images depict a "shelf-ready" carboard box full of books tipped over on the very top shelf, which states, "Ask for assistance with items on the top shelf." Mr. Wormuth testified that "it is protocol that [employees] do not touch anything until pictures are taken and information is taken from the customer."

After talking with Mr. Wormuth, Mr. Pidich stated he felt fine and left the store. His injuries from the incident became apparent once he arrived home. Mr. Pidich alleges he sustained "contusions, bleeding of the forehead, post-concussional, post traumatic headaches, cognitive impairment, concussion, nausea consisting of vomiting, dizziness, balance and vision difficulty, and loss of memory."[4]

On October 28, 2024, defendant removed this action from the Court of Common Pleas for Lackawanna County.[5] The plaintiffs filed their

---

[4] Doc 2 ¶ 20.

[5] Doc. 1.

amended complaint on November 26, 2024.[6]  Mr. Pidich asserts a claim
of negligence, alleging this incident and the injuries he suffered
amounted to Walmart's negligence and carelessness in allowing a
defective condition to exist without notice or warning, failing to properly
shelf the books, and failing to train employees.[7]  Mrs. Pidich asserts a
claim of loss of consortium, alleging she has been deprived of the comfort,
companionship, society, services, and assistance of her husband.[8]

Walmart now moves for summary judgment, arguing that there is
no dispute of material fact, and as such, plaintiffs' claims fail as a matter
of law.  After consideration of the record, we conclude that there are no
genuine issues of material fact and that summary judgment is
appropriate.  Accordingly, the motion for summary judgment will be
granted.

---

[6] Doc. 2.

[7] *Id.* ¶¶ 10-24.

[8] *Id.* ¶ 26.

III.    Discussion

A. Motion for Summary Judgment – Standard of Review

The defendant has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Rule 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9]  The materiality of the facts will depend on the substantive law.[10]  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under governing law" will preclude summary judgment.[11]  A dispute is only genuine if a reasonable juror could find in favor of the nonmoving party.[12]

The moving party bears the initial burden to "demonstrate the absence of a genuine issue of material fact," relying on pleadings, depositions, affidavits, and other evidence in the record.[13]  If the movant "successfully points to evidence of all of the facts needed to decide the

---

[9] Fed. R. Civ. P. 56(a).

[10] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[11] *Id.*

[12] *Id.*

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

case on the law," the nonmovant can still defeat summary judgment by pointing to evidence in the record which creates a genuine dispute of material fact and from which a jury could find in its favor.[14]  However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[15]  A court may not make credibility determinations or weigh the evidence, but "must view the facts in the light most favorable to the non-moving party."[16]

### B. The Defendant's Motion for Summary Judgment is Granted.

Walmart contends that Mr. Pidich's negligence claim fails because no harmful condition existed and Mr. Pidich's own actions caused the books to fall and injure him.[17]  Walmart further asserts that the box of books Mr. Pidich reached for was located on the top shelf that is "equipped with an explicit warning to customers to ask for assistance with items on the top shelf."[18]  Plaintiffs counter that there is a genuine

---

[14] *El v. Southeastern Pennsylvania Transp. Auth. (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007).

[15] *Anderson*, 477 U.S. at 249-50 (citations omitted).

[16] *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[17] Doc. 21 at 7-12.

[18] *Id.* at 6.

dispute of material fact as to whether the box of books was on the top shelf, which negates the argument that Walmart's signage on the shelf warned its customers.[19]  Plaintiffs further clarify the manner in which the books were tightly packaged constituted a harmful condition.[20]

To state a negligence claim, the plaintiffs must plead facts to establish: "(1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant's conduct and the resulting injury; and (4) actual damages occurred."[21]  "The mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence."[22]

It is undisputed that Mr. Pidich was Walmart's business invitee at the time of the incident.  Under Pennsylvania law, the duty of care a

---

[19] Doc. 22 at 10.

[20] *Id.* at 2.

[21] *Sodders v. Fry*, 32 A.3d 882, 887 (Pa. Commw. Ct. 2011).

[22] *Cox v. Wal-Mart Stores E., L.P.*, 350 F. App'x 741, 743 (3d Cir. 2009) (quoting *Est. of Swift v. Ne. Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997)).

possessor of land owes to a business invitee is derived from the Restatement (Second) of Torts § 343,[23] which states:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.[24]

Section 343A further states a possessor of land is not liable for harmful conditions that are "known or obvious" to invitees unless the harm is anticipated by the possessor.[25] "[T]he condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated."[26] Accordingly, an invitee must prove either the possessor

---

[23] *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983).

[24] Restatement (Second) of Torts § 343 (1965).

[25] *Id.* § 343A.

[26] *Id.* § 343A cmt. b.

of land "had a hand in creating the harmful condition, or [] had actual or constructive notice of such condition."[27]

Assuming, *arguendo*, that the box of books was not located on the top shelf where signage directed customers to request assistance, plaintiffs have not met their burden of introducing evidence demonstrating Walmart had actual or constructive knowledge of a dangerous condition. Plaintiffs merely infer "[d]efendants knew about the dangerous condition of the way the books were improperly shelved and failed to either reasonably inspect the shelves in question, or to[] adequately warn of the dangerous condition or to correct the shelving."[28] Plaintiffs do not provide any evidence, stocking protocol or otherwise, that the manner in which the books were packaged created a dangerous condition. Indeed, Mr. Wormuth's testimony indicated that the box was pre-made from the warehouse and designed to sit on the shelf.[29] There is no evidence demonstrating the quantity of books packaged, the quantity that should have been packaged, or whether a similar incident

---

[27] *Est. of Swift*, 690 A.2d at 722.

[28] Doc. 22 at 2.

[29] Doc. 21, Ex. E.

has occurred.[30]  Accordingly, plaintiffs offer no evidence or explanation that Walmart knew or should have known that the manner in which the books were shelved posed any unreasonable risk of harm.[31]

Plaintiffs further fail to establish Walmart had constructive notice of the alleged dangerous condition.  "Under Pennsylvania law, showing constructive notice requires proof that the condition had been present long enough that, in the exercise of reasonable care, the defendant should have known of its presence."[32]  The record is devoid of evidence that shows how long the books were on the shelf in the manner described by Mr. Pidich.

---

[30] *See* Doc. 21, Ex. C; *see also Sheil v. Regal Ent. Grp.*, 563 F. App'x 216, 219 (3d Cir. 2014) (finding the district court erred in failing to consider the frequent occurrence of the dangerous condition).

[31] *See Couto-Pressman v. Richards*, 63 A.3d 856, 861 (Pa. Commw. Ct. 2013); *see also Brooks v. Wal-Mart Stores, Inc.*, 854 F. App'x 422, 426 (3d Cir. 2021) ("The District Court correctly determined that none of the conditions identified by [Plaintiff]—a clothing aisle, shopping carts, or shoe bench—constituted dangerous conditions on Walmart's property and that the store could not have foreseen an unreasonable risk of injuries to customers . . . .").

[32] *Pace v. Wal-Mart Stores E., LP*, 337 F. Supp. 3d 513, 519–20 (E.D. Pa. 2018) (internal quotations and citation omitted), *aff'd*, 799 F. App'x 127 (3d Cir. 2020).

"It has long been established in this Circuit that granting summary judgment to a defendant is proper 'when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced.'"[33]  Without setting forth evidence in which a reasonable jury could conclude Walmart breached its duty, plaintiffs' negligence claim fails as a matter of law.

Mrs. Pidich also brings a claim for loss of consortium against Walmart, alleging she has been deprived of the comfort, companionship, society, services, and assistance of her husband.  Such a claim is derivative of the negligence claim.[34]  Accordingly, because we have

---

[33] *Id.* at 519 (quoting *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996)).

[34] *See, e.g., Kline v. Zimmer Holdings, Inc.*, 662 F. App'x 121, 121 n.1 (3d Cir. 2016) (dismissing a loss of consortium claim when all other claims failed) (non-precedential); *Banks v. International Rental and Leasing Corp.*, 680 F.3d 296, 300 n.8 (3d Cir. 2012) (concluding the district court did not err in holding husband's loss of consortium claim was derivative to wife's claim for injury); *Darr Const. Co. v. W.C.A.B. (Walker)*, 715 A.2d 1075, 1080 (Pa. 1998) ("It is well-settled that the [loss of consortium] claim is derivative, emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities."); *see also Perloff v. Transamerica Life Insurance Co.*, 393 F. Supp. 3d 404, 411 (E.D. Pa 2019) ("Loss of consortium claims are derivative in nature and will be dismissed where the underlying claims do not survive.").

concluded that Mr. Pidich's negligence claim fails as a matter of law, this claim also fails.

## IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED.

An appropriate order follows.

<u>*s/ Daryl F. Bloom*</u>
Daryl F. Bloom
Chief United States Magistrate Judge